UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
DEC 20 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-48-GWU

DEWEY COMBS, PLAINTIFF,

VS: MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT,

## INTRODUCTION

Dewey Combs brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits (DIB). The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Combs, a 55 year-old former truck driver with a high school education, became disabled as of October 16, 2003, the day he turned 55 years of age based upon application of Rule 202.06 of the Medical-Vocational Guidelines. (Tr. 16, 27). Prior to that date, the claimant, who was noted to suffer from degenerative, discogenic and joint diseases of lumbar spine, cervical spine disease, complaints of neck, shoulder, right leg, neck and arm pain, left ear hearing loss and recurrent ear infections, sleep problems, obesity, a pain disorder and a depressive disorder, was found to be able to perform a restricted range of light level work. (Tr. 21, 27). Since the available work was found to constitute a significant number of jobs in the national economy, he could not be considered totally disabled for the time period prior to October 16, 2003. (Tr. 27). The ALJ based this unfavorable portion of the decision, in part, upon the testimony of a vocational expert. (Tr. 26).

The Court must first determine the time period pertinent to this appeal. Combs alleged a disability onset date of March 31, 1999 on his current DIB

application. (Tr. 85). However, two prior applications for Social Security benefits were consolidated and became final in a decision dated February 21, 2002. (Tr. 16). This denial decision was affirmed by the undersigned in a decision dated July 31, 2003. (Tr. 58-67). The ALJ declined to reopen this denial on the current application. (Tr. 16). Thus, the pertinent time period for consideration runs from February 22, 2002, the date after the prior denial decision, through October 15, 2003.

The undersigned concludes that the ALJ properly concluded that Combs was not disabled during the time period relevant to this appeal. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question initially presented to Vocational Expert Julian Nadolsky included an exertional limitation to light level work along with such non-exertional limitations as (1) the need for a sit/stand at will option; (2) an inability to more than occasionally bend or stoop; (3) an inability to more than occasionally push or pull with the upper extremities; (4) a limitation to unskilled work; (5) a need to avoid work requiring dealing with the general public; and (6) an inability to perform work requiring unimpaired audiological acuity. (Tr. 384-385). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 386-387). The ALJ later presented another hypothetical question including such factors as an exertional limitation to light level work, reduced from a full range by such non-exertional limitations as (1) an inability to sit for less than six hours in an eight hour day; (2) an inability to more than occasionally push or pull with the upper extremities; and (3) an inability to more than occasionally stoop. (Tr. 387-388). The ALJ indicated that the previously-cited jobs could still be performed and also identified additional

6

positions. (Tr. 388). Therefore, assuming that the vocational factors considered by Nadolsky fairly characterized Combs' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Combs was found capable of performing a restricted range of light level work in the administrative decision which became final on February 21, 2002. (Tr. 37-47). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work were in accord with these directives.

The vocational factors considered by Nadolsky were essentially consistent with those reported by Dr. Roy Stauffer, an examining consultant. (Tr. 172). The question was also compatible with the physical limitations indicated by Dr. David Swan (Tr. 291-300) and Dr. Timothy Gregg (Tr. 327-337), the non-examining medical reviewers. Such treating and examining sources as the staff at Marymount Medical Center (Tr. 157-159), Dr. Ray Hays (Tr. 160-161), the staff at Corbin Medical Associates (Tr. 240-244), and the staff at the Veteran's Administration Medical Center (Tr. 175-239, 341-352) did not identify more severe limitations than those found by the ALJ during the pertinent time frame. These reports provide substantial evidence to support the administrative

7

decision.

Combs argues that the ALJ erred by failing to accord greater weight to the opinion of Dr. Greg Wheeler, a treating source. In April of 2000, Dr. Wheeler completed a Medical Assessment of Ability to do Work-Related Activities Form in which he identified more severe physical limitations than those found by the ALJ. (Tr. 142-145). The Court notes that this form was completed almost two years before the relevant time period and during a time frame when the plaintiff has already been found to have not been disabled on the prior application. This opinion was specifically rejected by the ALJ on the earlier application (Tr. 43) and the undersigned affirmed this finding on appeal (Tr. 64). Therefore, the Court concludes that Dr. Wheeler's April, 2000 assessment was not binding on the ALJ during the time period relevant to the current appeal.

The ALJ also dealt properly with the evidence relating to Combs' mental status. Neither the staff at the Cumberland River Comprehensive Care Center (Tr. 270-275, 327-337), a treating source, nor Psychologist Kenneth Starkey, an examining consultant, (Tr. 162-168), reported the existence of more severe mental restrictions than those presented to Nadolsky. Psychologists Jane Brake (Tr. 276) and Edward Stodola (Tr. 301), the non-examining medical reviewers, thought that the claimant even suffered from a "severe' mental impairment. Thus, this portion of the ALJ's decision is also supported by substantial evidence.

Combs argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged

8

pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Combs was found to be suffering from a potentially painful condition. However, even if he could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. Despite the plaintiff's allegations of disabling pain, Dr. Stauffer, Dr. Gregg, and Dr. Swan all thought he could perform light level work during the pertinent time period. The claimant told Dr. Wheeler in June of 2003 that his medications alleviated his pain to the point he could continuously function. (Tr. 338). Thus, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Combs' pain complaints.

The Court concludes that the Administrative decision should be affirmed. Therefore, the undersigned must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 20 day of December, 2006.

G. WIX UNTHANK
SENIOR JUDGE

9